# DECLARATION OF CAROL A. SOBEL

I, CAROL A. SOBEL, declare:

1. I am an attorney admitted to practice before the Supreme Court of California and the Central District of California. I have personal knowledge of the facts set forth below and would testify competently to those facts if called to do so.

2. On August 30, 2011, following the deposition of defendant Jason Prince, Deputy City Attorney Surekha Pessis and I engaged in an in-person meet and confer. Ms. Shapero, who executed the declaration in Opposition to the Motion for Summary Judgment, was not present and did not participate in any manner in that meeting. At the meet and confer, as referenced in the email from me on September 13, 2011 attached to Ms. Shapero's declaration, I specifically provided Ms. Pessis with the case names of the primary authorities we intended to rely on for certain arguments, including the Supreme Court decisions in *City of Chicago v. Morales, Kolender v. Lawson,* and *Papachristou v. Jacksonville.* Each of those cases explicitly decided the "vagueness" of the challenged statute, and all also dealt with some form of "vagrancy" or "loitering." This exchange with Ms. Pessis took place two weeks prior to the time Ms. Shapero claims she learned of this argument.

3. In addition to discussing these cases, Ms. Pessis raised with me the equal protection claim plaintiffs intended to bring as part of their motion. She specifically asked if I agreed that homelessness and disability were not protected status categories under the Fourteenth Amendment, so plaintiffs would only be raising a rational basis claim. I told her that, while we agreed that plaintiffs did not fall into a protected classification based on status or an immutable characteristic, they nonetheless were intending to raise strict scrutiny based on a violation of a fundamental right.

4. On August 29, 2011, prior to meeting with Ms. Pessis on August 30,

1

I emailed and telephoned Ms. Shapero in response to emails she had sent to me. In the telephone call, I specifically suggested that she be involved in the meet and confer. The reason I made this suggestion, as I stated to Ms. Shapero, was that I knew her to be more familiar with the applicable legal principles involved in the case and I thought it would be a more productive meet and confer if she participated. I have been and am presently engaged in litigating cases in which Ms. Shapero is opposing counsel. It is my understanding that she writes most of the briefs on substantive issues for the Police Liability section. For example, she wrote and argued in June a recent preliminary injunction before Judge Gutierrez. Ms. Shapero declined and when I raised the same suggestion to Ms. Pessis during the meeting at my office on August 30, she responded that she would be assisting on the motion.

5. As the emails attached to my declaration (Exhibit 4) and the declaration of Ms. Shapero demonstrate, over the course of 16 days I responded on an ongoing basis to multiple inquiries from the defendants about plaintiffs' motion: which issues were being raised, etc. This includes a question from Ms. Shapero on August 29, the day before the meet and confer, regarding whether plaintiffs intended to raise a challenge to LAMC §41.18(d). I was completely above board and offered to answer any question Ms. Shapero had about our motion.

6. The First Amended Complaint and all discovery responses asserted a "due process" violation. Each of the plaintiffs' discovery responses attached to Ms. Shapero's declaration asserts that LAMC §85.02 was being interpreted by defendants as an enforcement tool for "vagrancy." On August 22, 2010, I received by email a copy of Defendants' Tenth Supplemental Response to the Request for Production of Documents. In that response, defendants produced two memoranda related to the enforcement of LAMC §85.02 by the LAPD in Venice. When I read those memoranda just before beginning the depositions of the defendant officers,

1  I was able to assess the absence of standards for enforcement. Moreover, at the
2  depositions of the defendants, each was questioned as to any limitations they were
3  provided on the definition of the terms in the statute: i.e., what guidelines or
4  standards were there on their discretion to enforce this ordinance. The evidence
5  from defendants submitted by plaintiffs to support their motion for partial summary
6  judgment/summary adjudication was only produced at and when the officers
7  testified at their depositions in August. No officer cited to any guidelines or
8  standards and, in fact, Capt. Peters testified that the Operational Plan issued under
9  his authority was designed to give officers even more discretion to enforce §85.02
10 than they had in the past command.

11     7. Attached to my declaration at Exhibit 1 are several outtakes from the
12 video of the Town Hall on Homelessness, produced by defendants in discovery. I
13 created these documents using a program on my computer that allows me to capture
14 individual video frames.

15     8. Attached at Exhibit 2 is a copy of Defendants' Tenth Supplemental
16 document response, containing the 2008 and 2011 memoranda issued by Captain
17 Hiltern and Peters, respectively, regarding the enforcement of LAMC §85.02.

18     9. Attached at Exhibit 3 are excerpts from the deposition testimony of
19 Patricia Warivonchik.

20     10. Attached at Exhibit 4 are copies of email exchanges between me and
21 Ms. Shapero regarding plaintiffs' dispositive motion.

23 I declare under penalty of perjury that the foregoing is true and correct.
24 Executed this 3rd day of October, 2011 at Santa Monica, California.

25                                         /s/
                             CAROL A. SOBEL